

NORTHERN DISTRICT OF TEXAS
FILED
OCT 15 2015
CLERK, U.S. DISTRICT COURT
By _____
 Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT STEVEN BROWN, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-646-A |
| | § | (NO. 4:92-CR-048-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of movant, Robert Steven Brown, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed such motion, the government's response thereto, and applicable legal authorities, the court concludes that the motion should be dismissed.

I.

Background

After pleading guilty to felon in possession of a firearm, movant was sentenced on August 13, 1992, to a term of imprisonment of 200 months. Doc.[1] 1 at Exhibit C. Movant appealed, and the Fifth Circuit affirmed movant's conviction on March 19, 1993. United States v. Brown, 988 F.2d 1213 (5th Cir. 1993). Movant's conviction became final on June 17, 1993, the

---

[1] The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of this civil case, No. 4:15-CV-646-A.

last day he could have filed a petition for writ of certiorari.[2] Movant did not file the instant motion until August 24, 2015, well beyond one year after his conviction became final. Doc. 1.

## II.

## Analysis

A.  § 2255 Limitations Period

A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f).[3] "[T]he conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition." United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000).

---

[2] A petition for writ of certiorari is timely when filed with the clerk of the Supreme Court within ninety days after entry of judgment. See Sup. Ct. R. 13.

[3] Section 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

B. <u>Movant's § 2255 Motion is Not Timely Filed</u>

Apparently recognizing that his motion would be considered barred by limitations, movant argues that the recent Supreme Court decision of <u>Johnson v. United States</u>, applies retroactively on collateral review and that movant's motion therefore satisfies § 2255(f)(3). 135 S. Ct. 2551 (2015); Doc. 1 at 4; Doc. 8 at 5-6. <u>Johnson</u> held that an increased sentence under the Armed Career Criminal Act's ("ACCA")[4] residual clause violates due process of law. <u>Id.</u> at 2254-55. Section 2255(f)(3) allows a § 2255 motion to be filed within one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

The Supreme Court did not state whether <u>Johnson</u> would apply

---

[4] The Armed Career Criminal Act ("ACCA") prevents felons from possessing firearms. 18 U.S.C. § 922(g). If a violator of this statute has three or more convictions for a "serious drug offense" or "violent felony" the ACCA increase the violator's prison term to a minimum of fifteen years and maximum of life imprisonment. 18 U.S.C. § 924(e). The ACCA defines violent felony as:
    any crime punishable by imprinsonment for a term exceeding one year ... that —

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* . . ."

18 U.S.C. § 924(e)(2)(B) (emphasis added). The portion in italics is known as the ACCA's residual clause and is the portion of the statute which <u>Johnson</u> found violated due process of law. <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2554-55 (2015).

3

retroactively. See 135 S. Ct. 2551. Movant cites a Seventh Circuit case which applied Johnson retroactively. Price v. United States, 795 U.S. 731, 732 (7th Cir. 2015). However, the Eleventh Circuit held that Johnson does not apply retroactively and the Tenth Circuit has declined to follow the Seventh Circuit's holding that Johnson applies retroactively. In re Gieswein, No. 15-6138, 2015 WL 5534388 (10th Cir. Sept. 21, 2015) (denying application for leave to file a second or successive § 2255 motion based on Johnson); In re Rivero, 797 F.3d 986, 988 (11th Cir. 2015). The Fifth Circuit has not addressed this issue. Accordingly, movant has not shown that Johnson renders his motion timely.

Further, even if Johnson applies retroactively, movant is afforded no relief. Movant was sentenced using ACCA's enumerated violent felony of burglary, not the residual clause. Presentence Report of Robert Steven Brown at 4-5. Johnson only invalidates the use of the residual clause and does not call into question the use of the enumerated offenses in sentencing under the ACCA. Johnson, 135 S. Ct. at 2563.

Movant argues that the definition of habitation in the Texas Penal Code is so broad that it does not constitute a "generic" usage of the term burglary, therefore, his convictions do not fall under the enumerated burglary definition for the ACCA and he

4

was necessarily sentenced under the residual clause. See Taylor v. United States, 495 U.S. 575, 598 (1990); Doc. 8 at 5. Movant bases this argument on Descamps v. United States in which the Supreme Court held that a statute that swept more broadly than the generic crime of burglary could not form the basis for an increased sentence based on the ACCA. 133 S. Ct. 2276, 2283-84 (2013). Again, movant has not shown that Descamps applies retroactively so as to overcome the burden of showing that movant has filed a timely motion under § 2255. In fact, the Fifth Circuit has found that Descamps does not apply retroactively. In re Jackson, 776 F.3d 292, 296 (5th Cir. 2015) (holding that the Supreme Court has not made Descamps retroactive and finding that this argument could not serve as the basis of a successful argument to file a second or successive § 2255 motion). Thus, to the extent that movant's argument relies on the retroactive application of Descamps to find merit in his argument under Johnson, it is unsuccessful.

Even if the retroactive application of Johnson alone would support movant's argument, movant would find no relief. Movant contests his three convictions for burglary of a habitation.[5] Doc. 8 at 4-5. All three of movant's burglary of a habitation convictions are based on movant's plea of guilty to a portion of the indictments that contain the elements of burglary including:

---

[5] Movant was also convicted for burglary of a building which he does not appear to contest falls within the ACCA's "generic" definition of burglary. Doc. 8 at 1.

5

(1) intentional entry into a habitation, (2) intent to commit theft, and (3) without the effective consent of the owner. Doc. 10 at App. 14, 17, 19, 22, 23, & 27. These are the elements necessary for a conviction of burglary under Texas Penal Code § 30.02(a)(1).[6] The Fifth Circuit has explicitly and repeatedly held that a conviction under § 30.02(a)(1) falls under the ACCA's "generic" definition of burglary and may form the basis of an increased sentence under the ACCA. United States v. Constante, 544 F.3d 584, 585 (5th Cir. 2008); United States v. Silva, 957 F.2d 157, 162 (5th Cir. 1992). Thus, the court did not rely upon the residual clause to sentence movant and movant would not succeed in a challenge based on this argument.

### III.

### Order

Therefore,

The court ORDERS that the motion of Robert Steven Brown under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, dismissed.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

---

[6] Texas Penal Code § 30.02(a)(1) states:

"(a) A person commits an offense if, without the effectiveconsent of the owner, the person:
(1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault . . . ."

6

§ 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED October 15, 2015.

_____
JOHN McBRYDE
United States District Judge